UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:25-cv-00209

———

**Steven Damien Young,**
*Plaintiff,*

v.

**Texas Department of Criminal Justice et al.,**
*Defendants.*

———

**ORDER**

Plaintiff, a prisoner of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this lawsuit under 42 U.S.C. § 1983. The case was referred to a magistrate judge. The magistrate judge issued a report recommending that plaintiff's case be dismissed under the Eleventh Amendment and for failure to state a claim on which relief can be granted. Doc. 26 at 9–10, 18–19. Plaintiff filed written objections. Doc. 34.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusory, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

The bulk of plaintiff's objections are a reiteration of his conclusory claims about his safety and retaliation involving unnamed employees. Doc. 34 at 1–3. Furthermore, the objections do not identify any error in the magistrate judge's factual findings or

- 1 -

analysis. As such, the objections are improper and need not be considered by the court.

The remainder of plaintiff's objections pertain to the number of prison grievances filed, qualified immunity, voluntary cessation, the remaining $5 in unpaid filing fees, and the statute of limitations. These objections are immaterial to the recommended bases for dismissal and thus need not be considered by the court.

Because plaintiff has not made any proper objections to the magistrate judge's report, the court need only review the record for clear error. *See* Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment. Having reviewed the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendations.

Plaintiff also seeks another opportunity to amend his pleading because he "was not afforded the opportunity to ensure that his claims were thoroughly presented" and was prohibited from repeating material facts from his original complaint. Doc. 34 at 3–4, 6. However, the magistrate judge gave plaintiff two chances to amend his complaint and expressly told plaintiff that repeating facts from the original complaint was "expected and permissible." Doc. 15 at 1. Furthermore, a court may deny further leave to amend when the plaintiff has pleaded his best case or if an amendment would be futile. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). Here, granting plaintiff leave to amend a third time would be futile as plaintiff has pleaded his best case.

Plaintiff's claims against the TDCJ and his claims for money damages against the named defendants in their official capacities are dismissed without prejudice under the Eleventh Amendment. His claims for excessive force and deliberate indifference are dismissed without prejudice to his ability to refile suit against the proper defendants for whom he can allege facts that would establish liability. In all other respects, this lawsuit is dismissed with

prejudice for failure to state a claim upon which relief can be granted. Any pending motions are denied as moot.

*So ordered by the court on October 28, 2025.*

J. CAMPBELL BARKER
United States District Judge